UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Fiorito, | Case No. 23-cv-1125 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| Mr. Anderson, Case Manager, K-3 FCI Sandstone; Mr. J. Koze; Smith, Warden; Bishop, Assistant Warden; Mr. Caraway; Powell, Officer; and Stewart, Officer, | |
| Defendants. | |

Plaintiff Michael Fiorito has been in federal prison for about fifteen years. During that time, he has been incarcerated at many facilities, including the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland") and, starting a few years later, at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). Throughout that time, Mr. Fiorito has filed lawsuit after lawsuit.

The Prison Litigation Reform Act ("PLRA") was enacted to discourage this kind of vexatiousness by requiring prisoners to pay the statutory filing fee for all civil actions commenced in federal court, *see* 28 U.S.C. § 1915(b); and by making ineligible for *in forma pauperis* status prisoners who have sustained three or more dismissals due to frivolity, maliciousness, or failure to state a claim, *see* 28 U.S.C. § 1915(g). But Mr. Fiorito has found

1

a way around these parts of the PLRA: He simply files his lawsuits in state court, then waits for the inevitable removal to federal court by the United States or the federal employees who have been named as defendants, *see* 28 U.S.C. § 1442. Because the lawsuit is filed in state court, Mr. Fiorito avoids the assessment of the federal filing fees (of which he would have accrued $4,550 in this District alone since 2021). And because Mr. Fiorito did not bring the actions "in a court of the United States," 28 U.S.C. § 1915(g), Mr. Fiorito cannot be assessed a strike under § 1915(g) regardless of whether his lawsuits are meritless, frivolous, or malicious.

A plaintiff is entitled to their initial choice of forum, and this does not change when the plaintiff is a prisoner. But there is ample reason to believe from the complaints filed by Mr. Fiorito that he has no real intention of litigating these matters in state court. This case is a good example. Despite purporting to be being a state-court lawsuit, Mr. Fiorito pleads that the Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1367, and due to the parties' supposed diversity of citizenship, *see* Compl. at ¶¶ 4-5 [ECF No. 1-1]. None of these invocations is appropriate or necessary in a state-court pleading.

Mr. Fiorito's explanation for his choice of venue is also aimed at the federal court that will eventually adjudicate his case rather than the state court where he filed it. With exceptions not relevant here, Minnesota law requires that a lawsuit be brought "in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose." Minn. Stat. § 542.09. Mr. Fiorito

filed this lawsuit in Hennepin County District Court despite (1) none of the events or occurrences in this lawsuit taking place in Hennepin County (FCI-Sandstone is in Pine County), and (2) none of the defendants being alleged to reside in Hennepin County. Mr. Fiorito justifies his choice of venue "because plaintiffs [sic] legal residence is here" — a reference to 28 U.S.C. § 1391(e)(1)(C), which permits a lawsuit against a federal officer or employee to be brought in the judicial district where "the plaintiff resides if no real property is involved in the action." But this is a justification for the District of Minnesota being the correct venue, not the Hennepin County District Court.

In any event, just as Mr. Fiorito anticipated, this lawsuit was removed to this District pursuant to § 1442. Now that he is here, the Federal Rules of Civil Procedure control this lawsuit. One of those rules, Rule 20(a)(2), permits a complaint to join as defendants to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The complaint in this matter plainly fails that test. As mentioned above, six of the seven defendants to this action are officials or employees of FCI-Ashland, while the final defendant is an official at FCI-Sandstone. Mr. Fiorito alleges that the FCI-Ashland officials violated his constitutional rights by retaliating against him, denying him medical care, and failing to afford him due process during disciplinary proceedings. Mr. Fiorito alleges that the FCI-Sandstone defendant failed to afford him

3

due process before withholding time credits owed to him under the First Step Act. These claims have absolutely nothing to do with one another and should not have been brought in a single lawsuit.

In any event, both aspects of Mr. Fiorito's complaint are frivolous. With respect to the FCI-Ashland defendants, Mr. Fiorito has plainly waited too long to file suit. "The limitations period for a [claim of constitutional violations] is governed by the statute of limitations for personal injury actions in the state in which the claim accrues." *See Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam) (equating *Bivens* claims with claims brought under 42 U.S.C. § 1983). Mr. Fiorito's claims against the FCI-Ashland defendants accrued in Kentucky, and Kentucky law provides one-year statute of limitations for claims of constitutional violations, *see Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Each of the events alleged to have taken place at FCI-Ashland occurred in 2016 and 2017 — obviously far too long ago to satisfy Kentucky's statute of limitations.[1]

---

[1] In fact, Fiorito's complaint would have been untimely even if Minnesota's six-year statute of limitations controlled. Fiorito's complaint was signed on March 28, 2023, and, giving Mr. Fiorito every benefit of the doubt, may be considered filed on that date. Any claim accruing prior to March 28, 2017, would therefore be untimely under Minnesota law. Mr. Fiorito attempts to squeeze his claims within the Minnesota statute of limitations by alleging that he filed administrative grievances at FCI-Ashland "between 9-16-16 and 4-7-17," Complaint at ¶ 49, but the limitations period is established by when the claims accrued, not by when Fiorito began to exhaust administrative remedies for his claims. The events at FCI-Ashland on which Mr. Fiorito's premises his claims took place in every instance no later than January 2017. Indeed, Fiorito has alleged in litigation elsewhere that he had been transferred to another facility by February 2017. *See Fiorito v. Entzel*, No. 5:17-cv-1435 (JFW/KES), Petition at ¶ 6 (C.D. Cal. July 19, 2017).

To the extent that Mr. Fiorito might be seeking relief under state law through the Federal Tort Claims Act, he would at most have had three years in which to pursue his claim: Two years in which to present the claim to the Federal Bureau of Prisons for administrative resolution, *see* 28 U.S.C. § 2401(b); six months for the agency to resolve the claim, *see* 28 U.S.C. § 2675(a); and an additional six months in which to seek relief in federal court following exhaustion of administrative remedies, *see* 28 U.S.C. § 2401(b). Again, the events at FCI-Ashland alleged by Mr. Fiorito occurred, by Mr. Fiorito's own reckoning, well beyond three years ago. He can have no arguable, good-faith justification for seeking relief on those claims now.

Mr. Fiorito's claim against the lone FCI-Sandstone defendant accrued far more recently and is therefore not barred by the statute of limitations. But there are other, more fundamental problems with the claim. First, Mr. Fiorito alleges that the FCI-Sandstone defendant failed to afford him due process prior to taking away one year of time credits, but that claim was already rejected in another of his many cases. *See Fiorito v. Fikes*, No. 22-CV-0759 (PJS/TNL), 2022 WL 16699472, at *5-6 (D. Minn. Nov. 3, 2022). Second, Fiorito seeks monetary relief[2] as a remedy for this claim pursuant to *Bivens*, but his due-process claim falls outside the accepted contexts for *Bivens* claims and is therefore not

---

[2] To the extent that Fiorito seeks restoration of time credits, that remedy could only be sought—and, indeed, has already been sought by Mr. Fiorito—in a habeas corpus action.

cognizable. *See Fiorito v. Drummy*, No. 22-CV-0923 (PJS/TNL), 2023 WL 4052639, at *4 (D. Minn. June 16, 2023).

The Court explained above that Mr. Fiorito files his lawsuits in state court in order to avoid the PLRA. One provision of the PLRA he cannot avoid, however, is 28 U.S.C. § 1915A, which requires that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This provision, unlike the provisions of the PLRA discussed above, applies equally to cases filed in federal court and to cases filed in state court but later removed to federal court. *See Schlegel v. Schoeneck*, No. 16-CV-0867 (DWF/BRT), 2016 WL 7757268, at *1 (D. Minn. Nov. 29, 2016) (collecting cases). On review, the Court must dismiss the case if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

This action is all three of those things. First, as explained above, Mr. Fiorito has failed to state a claim on which relief may be granted. His claims against the FCI-Ashland defendants are untimely, and his claim against the FCI-Sandstone defendant is facially meritless. This is basis enough upon which to dismiss this action.

Second, this action is frivolous. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There was no arguable

6

basis in law for any of the claims brought by Mr. Fiorito. His claims against the FCI-Ashland officials are plainly untimely. His due-process claim against the FCI-Sandstone official is plainly outside the scope of claims for which relief under *Bivens* is available following *Egbert v. Boule*, 142 S. Ct. 457 (2021).[3]

Third, this action is malicious — and it is malicious in multiple respects. To begin, certain of Mr. Fiorito's factual allegations are flatly contradicted by the evidentiary record established in other litigation that Mr. Fiorito has initiated in this District. To cite one clear example, Mr. Fiorito alleges that "until he [arrived] at FCI Sandstone" he had always been assigned a "low" risk of recidivism under the Federal Bureau of Prison's PATTERN recidivism assessment system. *See* Compl. at ¶ 58. This appears to be a lie. It is an assertion that Mr. Fiorito has made in other litigation, and the federal government had already supplied uncontradicted evidence before he initiated this action that Mr. Fiorito was misstating the truth when he offered that statement before. *See Fiorito v. Fikes*, No. 22-CV-0512 (WMW/TNL), Declaration of Derrick Lee-Lo [ECF No. 24] at ¶ 5 and Ex. B [ECF No. 24-2] at 2 (D. Minn. May 4, 2022).

Prior to the submission of that evidence by the government, Mr. Fiorito's allegation that he had never been assessed as being anything other than a low risk of

---

[3] Mr. Fiorito consistently avers in his state-court pleadings that "[n]o judicial officer has said I am a frivolous litigant." *See* Compl. at 27. He is now on notice that he may no longer truthfully offer that statement. This lawsuit is frivolous, and Mr. Fiorito is a frivolous litigant.

7

recidivism could reasonably have been chalked up to carelessness in drafting or simple mistake. But now Mr. Fiorito continues to offer a factual allegation that he knows, or should reasonably know, to be false. Rule 11(b)(3) of the Federal Rules of Civil Procedure requires that a party certify that the factual statements in a factual pleading "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Consistent with Rule 11(c)(3), the Court will order Mr. Fiorito to show cause why the statement in Paragraph 58 of the complaint does not violate Rule 11(b)(3).

There is at least one other respect in which this lawsuit appears to be malicious. As has been explained in other litigation brought by Mr. Fiorito in this District, the purpose behind Mr. Fiorito's many lawsuits and habeas petitions is less a good-faith belief that he is entitled to a judicial remedy than an effort to impose costs on the defendants, the attorneys who represent them, and the Court. *See Fiorito v. Southwick*, No. 22-CV-2128 (PJS/TNL), 2023 WL 2918018, at *4 (D. Minn. Apr. 12, 2023) ("I will be out this coming summer and I promise you I will ramp-up my litigation efforts against you, [Chief Judge] Schiltz and your scumbag clients."). This behavior will not be tolerated. Mr. Fiorito has already been made subject to filing restrictions in this District, *see id.* at *5, and

8

those filing restrictions will now be strengthened. Any new lawsuit submitted by Mr. Fiorito, whether filed in this District, removed to this District from state court, or transferred to this District from another federal venue, must include a reasoned statement explaining why the claims in the new action could not have been raised in the many proceedings that Mr. Fiorito has already initiated. Failure to comply with this requirement will result in immediate dismissal without prejudice of Mr. Fiorito's complaint.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITH PREJUDICE as frivolous and malicious.

2. Plaintiff Michael Fiorito is ordered to show cause within 21 days why the statement in Paragraph 58 of the Complaint that "[u]ntil Plaintiff arrived at FCI Sandstone he was always a 'low'" does not violate Rule 11(b)(3) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(c)(3). Defendants may file a reply to Mr. Fiorito's response within 14 days of the date that the response is filed.

3. Mr. Fiorito may not proceed with litigation in this District absent a reasoned statement explaining why the claims in the new action could not have been

9

raised in earlier litigation. Failure to include this statement will be grounds for immediate dismissal of the action.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 10, 2023   　　　　　　　　_s/Katherine Menendez_____
　　　　　　　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　　　　　　　United States District Judge